**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 23-4761**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

WILLIAM LEWIS DONTARS MEEKS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:23-cr-00134-TDS-1)

───────────────

Submitted:  May 22, 2025                                        Decided:  May 27, 2025

───────────────

Before KING, AGEE, and WYNN, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Craig M. Cooley, COOLEY LAW OFFICE, Cary, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Lewis Dontars Meeks appeals the district court's judgment revoking his term of supervised release and sentencing him to 60 months' imprisonment. On appeal, Meeks's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Meeks has not filed a pro se supplemental brief. The Government has declined to file a response. For the reasons that follow, we affirm.

A court may revoke a defendant's supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Cohen*, 63 F.4th 250, 254 (4th Cir. 2023).

The probation officer charged Meeks with five supervision violations, three of which Meeks admitted. Regarding the two contested violations, the district court heard testimony establishing that, while on supervised release, Meeks possessed trafficking-level quantities of controlled substances and intentionally misled his probation officer about his employment status. The court therefore found that, in violation of his supervised release conditions, Meeks committed a new crime and was untruthful to his probation officer. Upon review, we discern no abuse of discretion in the court's decision to revoke Meeks's supervised release.

Turning to Meeks's sentence, "[a] district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United*

2

*States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "[W]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Cohen*, 63 F.4th at 258 (internal quotation marks omitted). Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted).

Here, the district court correctly calculated a policy statement range of 51 to 60 months, provided defense counsel with an opportunity to argue for an appropriate sentence, and allowed Meeks to address the court. In explaining its decision to impose a 60-month sentence, the court cited Meeks's record of engaging in dangerous activities, his history of drug use, the need for deterrence, and the need to protect the public. Based on our review of the record, we conclude that Meeks's revocation sentence is procedurally and substantively reasonable.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Meeks's revocation judgment. This court requires that counsel inform Meeks, in writing, of the right to petition the Supreme Court of the United States for further review. If Meeks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Meeks.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*